# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS AVILA GONZALES,<br><br>          Plaintiff,<br><br>     v.<br><br>DOER, *et al.*,<br><br>          Defendants. | Case No. 1:24-cv-01558-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 4)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Alexis Avila Gonzales ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

On December 18, 2024, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) In the motion, Plaintiff stated that he received money from "Any other sources" over the last twelve months, but failed to describe the source of money, state the amount received, or what he expected he would continue to receive, as directed by the application. (*Id.*) In addition, while the certificate portion of the application was completed by a staff member of Plaintiff's institution, Plaintiff failed to attach a certified copy of his trust account

1

1 statement showing transactions for the past six months.

2 　　　　　Based on Plaintiff's application, the Court found that the evidence of Plaintiff's assets was
3 inconclusive, and directed Plaintiff to clarify his financial condition and adequately demonstrate
4 financial hardship. (ECF No. 4.) Specifically, the Court directed Plaintiff to file a new
5 application to proceed *in forma pauperis* and explain the "other sources" from which he has
6 received money over the last twelve months, describe the source of the money, the amount
7 received, and what he expects he will continue to receive from the source(s). Plaintiff was also
8 directed to submit a certified copy of his inmate trust account statement. In the alternative,
9 Plaintiff was directed to pay the $405.00 filing fee for this action. The Court expressly warned
10 Plaintiff that failure to comply with the Court's order would result in dismissal of this action
11 without prejudice. (*Id.*) The deadline has expired, and Plaintiff has failed to respond to the
12 Court's order or otherwise communicate with the Court regarding his application or payment of
13 the filing fee.

14 **II.      Failure to Prosecute and Failure to Obey a Court Order**

15 　　　　**A.      Legal Standard**

16 　　　　　Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
17 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
18 within the inherent power of the Court." District courts have the inherent power to control their
19 dockets and "[i]n the exercise of that power they may impose sanctions including, where
20 appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A
21 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
22 failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46
23 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
24 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
25 amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
26 (dismissal for failure to comply with court order).

27 　　　　　In determining whether to dismiss an action, the Court must consider several factors:
28 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

2

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's application to proceed *in forma pauperis* or payment of the filing fee is overdue and he has failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's December 19, 2024 order expressly warned Plaintiff that his failure to comply with the Court's order would result in dismissal of this action.  (ECF No. 4.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee, or would be proceeding *in forma pauperis* in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2025**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

4